UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Frank Leonardo,                                            Case No. 16-cv-3845 (PAM/FLN)

              Plaintiff,

v.

                                                        **MEMORANDUM AND ORDER**

MSW Capital, LLC, and
Messerli & Kramer, P.A.,

              Defendants.

_____

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Frank Leonardo obtained a credit card through Credit One Bank, N.A. and over time incurred a debt in the amount of $1,283.74. (Weber 2d Decl. Ex. F (Docket No. 22-1) at 1.) Eventually, Credit One Bank "charged off" Leonardo's debt and Defendant MSW Capital, LLC became the successor in interest to the account. (Id. at 2.) Following the charge-off, neither Credit One Bank nor MSW Capital sent Leonardo any periodic billing statements detailing the interest accumulating on the account. (Am. Compl. (Docket No. 13) ¶ 12, 14.)

On October 13, 2015, Defendant Messerli & Kramer, P.A., on behalf of its client MSW Capital, served Leonardo with a summons and complaint seeking to collect the debt. (Weber Aff. (Docket No. 17) Exs. A & B.) Defendants eventually filed the complaint in Minnesota state court on August 11, 2016. (Id. Ex. D.) In the complaint,

Defendants alleged that Leonardo owed MSW Capital the $1,283.74 balance, and an additional $1,291.09 in interest based on a 23.90% interest rate, plus continuing interest and attorney's fees. (Id.) Defendants also attached a "true and correct copy" of the "Credit Agreement" that purportedly governed Leonardo's credit card account. (Id.) The fees outlined in the attached agreement, however, did not match the fees Leonardo paid. (Am Compl. ¶ 46, 47.)

On November 7, 2016, Leonardo filed this lawsuit alleging that Defendants' state-court lawsuit violated the Fair Debt Collection Practices Act ("FDCPA"). Defendants initially filed a motion to dismiss on January 13, 2017, but Leonardo subsequently filed an Amended Complaint within the 21 days allowed under Rule 15 to amend as a matter of course. In his Amended Complaint, Leonardo claims that Defendants violated the FDCPA by making four misrepresentations in the state-court complaint. Leonardo alleges that Defendants misrepresented (1) the amount of debt he owed by including interest that MSW Capital had allegedly waived when it failed to send Leonardo periodic billing statements that calculated the accrued interest (id. ¶¶ 27-31); (2) the amount of debt he owed by improperly calculating interest-on-interest in violation of the agreement and Minnesota law (id. ¶¶ 32-39); (3) that the agreement attached to the state court complaint was a true and correct copy of the agreement between Leonardo and Credit One Bank (id. ¶¶ 40-52); and (4) that Defendants were entitled to attorney's fees under the agreement (id. ¶¶ 53-57).

On February 16, 2017, Defendants filed this Motion to Dismiss.[1]

**DISCUSSION**

**A.     Standard of Review**

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When evaluating a motion to dismiss, the Court must accept factual allegations as true, Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012), but it need not give effect to those that simply assert legal conclusions, McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

---

[1] While the parties briefed the Motion, the Minnesota state court granted Defendants' motion for summary judgment in the underlying action and awarded MSW Capital $4,108.54 in principal, interest, costs, plus to-be-determined attorney's fees. (Weber 2d Decl. Ex. F at 4.) In their reply memorandum, Defendants argue that Leonardo's claims are now barred by the Rooker-Feldman doctrine, claim preclusion, and issue preclusion, in addition to their original arguments. Because Leonardo did not have the opportunity to brief those issues, and because the statute of limitations bars Leonardo's claims in any event, the Court declines to address whether Leonardo's claims fail on those bases as well.

## B. Materials Outside of the Pleadings

Leonardo insists that the Court must convert Defendants' Motion to Dismiss into a motion for summary judgment and allow him to conduct discovery because Defendants submitted additional affidavits and exhibits outside of the pleadings. Leonardo is wrong.

Generally, a court "may not consider materials outside of the pleadings when deciding a motion to dismiss for failure to state a claim." Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (citation omitted). But a court may "consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Id. (quotations and citations omitted.) A court is not required to convert a motion to dismiss into a summary judgment motion "simply because one party submits additional matters in support of or opposition to the motion." Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (quotations and citation omitted).

Along with their Motion, Defendants submitted an affidavit with several accompanying exhibits. Leonardo argues that many of these exhibits are not matters of public record. But all of the exhibits are documents that have been filed in the underlying state-court action and are therefore clearly matters of public record. Moreover, although Leonardo claims that his Amended Complaint does not reference these documents, it in fact repeatedly references the state-court action and Defendants' state-court complaint. (See, e.g., Am. Compl. ¶¶ 22, 27, 41.) Defendants' exhibits are a quintessential example of materials that are "necessarily embraced by the pleadings." Greenman, 787 F.3d at

887. The Court may consider the state-court documents without converting Defendants' Motion into a motion for summary judgment.

**C.     Statute of Limitations**

A cause of action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). A violation occurs "when the debtor is on notice of the misrepresentation and unconscionable debt collection means." Kirscher v. Messerli & Kramer, P.A., No. 05cv1901, 2006 WL 145162, at *3 (D. Minn. Jan. 18, 2006) (Magnuson, J.) (citation and quotations omitted). New communications concerning an old claim do not start a new period of limitations. Fraenkel v. Messerli & Kramer, P.A., No. 04cv1072, 2004 WL 1765309, at *4 (D. Minn. July 29, 2004) (Tunheim, J.). When an FDCPA claim involves misrepresentations in a debt-collection lawsuit, a new violation is not committed merely because pleadings and memoranda are the continuing effects of the initial violation. Dakowa v. MSW Capital, LLC, No. 16cv2753, 2017 WL 662975, at *4 (D. Minn. Feb. 17, 2017) (Montgomery, J.). The plaintiff is not deceived or abused anew each time the defendants reaffirm their deceptive statements throughout the litigation. Id.

Leonardo was first put on notice of the alleged misrepresentations and unconscionable debt collection means when Defendants served him with their state-court complaint on October 13, 2015. But Leonardo did not file this lawsuit until more than a year later on November 7, 2016. Because Leonardo filed lawsuit more than one year from the date on which the violation occurred, the statute of limitations bars Leonardo's claims.

5

Leonardo attempts to bypass the statute of limitations by claiming that he does not intend to impose liability on Defendants for any actions or omissions that occurred before November 8, 2015, and "does not ask the Court to look back at anything Defendants did or did not do before that time period." (Id. ¶ 24, 26.) Leonardo essentially demands that he be allowed to choose when the statute of limitations began to run. But allowing Leonardo to make that choice would defeat the purpose of the statute of limitations. Leonardo was put on notice of the alleged violations on October 13, 2015. He is not allowed to ignore that fact.

Leonardo also argues that this case is similar to Boldon v. Riverwalk Holdings, Ltd., No. 15cv2105, 2016 WL 900639, (D. Minn. Mar. 9, 2016) (Tunheim, C.J.). In Boldon, the defendants filed their state court complaint seventeen months after they first served the plaintiff with the complaint. Id. at *1. Chief Judge Tunheim reasoned that if the statute of limitations barred the plaintiff's claims, the court would

> be endorsing a framework whereby a debt collector could violate the FDCPA and then lull the debtor into thinking that it had reformed its violative conduct, only to recommence the same violative conduct after one year and a day, leaving the debtor without any recourse. A debt collector could gain immunity from liability simply by laying in the weeds until the expiration of the limitations period.

Id. at *3. Chief Judge Tunheim found such a result to not comport with the remedial purpose of the FDCPA to eliminate abusive debt-collection practices and considered the filing of the complaint a new claim that triggered a new limitations period. Id. at *3-4.

In contrast, however, Defendants filed their state court complaint ten months after they served Leonardo, leaving two months for Leonardo to bring this lawsuit if he so

desired. But Leonardo waited another three months before filing. Boldon is therefore distinguishable.

**CONCLUSION**

The FDCPA's statute of limitations bars Leonardo's claims. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion to Dismiss (Docket No. 15) is **GRANTED**; and

2. Leonardo's Amended Complaint (Docket No. 13) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 12, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge